

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| MONAL PATEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-1016 |
| | ) |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORP. | ) |
| and ICF INCORPORATED, LLC | ) |
| | ) |
|     Defendants. | ) |

## ORDER

THIS MATTER comes before the Court on Defendant ICF Incorporated LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff Monal Patel, proceeding pro se, filed a complaint for "employment discrimination" that does not contain numbered counts, but does allege that it is being brought pursuant to Title VII of the Civil Rights Act of 1964, the Equal Pay Act, Virginia Pay Act, the District of Columbia Human Rights Act, the Lilly Ledbetter Fair Pay Act, Executive Orders 11246 and 13665, the Administrative Procedures Act and Federal Acquisition Regulations, the False Claims Act, and Defamation per se. ICF Incorporated, LLC ("ICF" or "Defendant") moves to dismiss the complaint for failure to state a claim upon which relief may be had.

Plaintiff's claim for discrimination under Title VII is untimely. To assert a claim under Title VII, Plaintiff must have filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. Here, the alleged discriminatory acts complained of occurred between November 2017 and April 6, 2018, but Plaintiff failed to file a charge of discrimination with the EEOC within 300 days.

Second, Plaintiff's complaint does not state claims under the Equal Pay Act or Virginia Equal Pay Act. Plaintiff concedes in his complaint that these claims do not apply to ICF because he only alleges that his compensation was not equal to that of two non-ICF employees. Additionally, the Virginia Equal Pay act does not apply to ICF because it is covered by the Fair Labor Standards Act. See Va. Code § 40.1-28.6. Similarly, Plaintiff cannot state claims against ICF under the Lilly Ledbetter Fair Pay Act, Executive Order 11246, or Executive Order 13665 because they do not create private rights of action.

Third, Plaintiff does not state a claim under the D.C. Human Rights Act because it does not apply to discrimination that allegedly occurred outside of the District of Columbia. Webster v. Potter, 185 F. Supp. 3d 74, 77 (D.D.C.) ("the [DC Human Rights Act] is not extraterritorial; it does not and cannot secure an end to discrimination in jurisdictions outside of the District of Columbia."). In his complaint, Plaintiff alleges that he was

2

subjected to employment discrimination while working at the Federal Deposit Insurance Corporation's office in Arlington, Virginia. His employer, ICF, is headquartered in Fairfax, Virginia. As a result, Plaintiff does not state a claim under the D.C. Human Rights Act.

Fourth, Plaintiff's claims that ICF violated the Administrative Procedures Act and certain Federal Acquisition Regulations must also be dismissed. The Administrative Procedures Act permits judicial review of federal agency actions, 5 U.S.C. § 702, and ICF is not a government agency. Likewise, there is no private right of action under the Federal Acquisition Regulations.

Fifth, a pro se plaintiff is not permitted to pursue a claim under the False Claims Act. United States ex rel. Brooks v. Lockheed Martin Corp., 237 Fed. App'x. 802, 803 (4th Cir. 2007) ("the United States is the real party in interest [in a qui tam False Claims Act suit], and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits."). Plaintiff also failed to file his complaint under seal as required by statute. 31 U.S.C. § 3730(b)(2). For those reasons, Plaintiff's claims under the False Claims Act are dismissed.

Sixth, Plaintiff has failed to state a claim for defamation per se. Assuming that the emails referenced in his complaint contain a defamatory statement, Plaintiff's complaint does not

3

allege any unprivileged publication of either message because the only other parties that received the messages were other ICF employees. See Larimore v. Blaylock, 528 S.E.2d 119, 121 (Va. 2000) (recognizing that communications between co-employees and employers are privileged). For these reasons, it is hereby

ORDERED that Defendant ICF Incorporated LLC's Motion to Dismiss is GRANTED, and Plaintiff shall have 21 days to file an amended complaint.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 4, 2019